UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY<br>400 Second Avenue South<br>Minneapolis, MN 55401<br><br>Plaintiff,<br><br>v.<br><br>KRISTIAN E. WARNER<br>2044 Lakeside Drive<br>Morgantown, WV 26508<br><br>ANDREW M. WARNER<br>3110 Greystone Drive<br>Morgantown, WV 26508<br><br>and<br><br>MONROE P. WARNER<br>2567 University Avenue<br>Morgantown, WV 26505<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

NOW COMES Plaintiff, Old Republic National Title Insurance Company ("Old Republic") and for its Complaint against Kristian E. Warner, Andrew M. Warner, and Monroe P. Warner (collectively "Defendants"), states as follows:

## JURISDICTION AND VENUE

1. Old Republic is a Minnesota corporation, with its principal place of business at 400 Second Avenue South, Minneapolis, Minnesota 55401.

2. Defendant Kristian E. Warner is a citizen and resident of the state of West Virginia with a principal address of 2044 Lakeside Drive, Morgantown, WV 26508.

3. Defendant Andrew M. Warner is a citizen and resident of the state of West Virginia with a principal address of 3110 Greystone Drive, Morgantown, WV 26508.

4. Defendant Monroe P. Warner is a citizen and resident of the state of West Virginia with a principal address of 2567 University Avenue, Morgantown, WV 26505.

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Defendants are subject to the jurisdiction of this Court as they are citizens of West Virginia and reside within the jurisdiction.

7. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of West Virginia because Defendants each reside in Morgantown, WV.

## FACTUAL BACKGROUND

8. On December 13, 2006, Old Republic, Augusta Apartments, LLC ("Augusta Apartments"), Benjamin F. Warner, and Defendants entered into a contract pursuant to which Old Republic agreed to issue title insurance to PNC Bank ("PNC"), without the standard exception for mechanic's lien claims, in exchange for Augusta Apartments' promise to indemnify Old Republic for any loss or damage, including attorneys' fees for enforcement of the Agreement, resulting from any mechanic's lien claims arising from the

construction of an apartment complex in Morgantown, West Virginia (the "Project") by Augusta Apartments and Defendants' promise to guarantee all the obligations of Augusta Apartments under the Agreement ("the Agreement"). A copy of the Agreement is attached hereto as Exhibit A.

9. The Agreement states in pertinent part that Augusta Apartments "hereby indemnifies and agrees to hold [Old Republic] harmless from all liability, loss or damage of any nature, including attorneys' fees and expenses incurred in enforcing this agreement, which [Old Republic] may sustain resulting from the issuance, either now or in the future, of policies against loss that may result from the Exception."

10. The Exception under the Agreement is defined as follows: "Any lien, or right to a lien, for services, labor or material heretofore or hereafter rendered or furnished, imposed by law and not shown by the public records." Of particular importance, the Exception includes any mechanic's liens arising from the construction of the Project.

11. Defendants and Benjamin F. Warner are the principals of Augusta Apartments.

12. Defendants and Benjamin F. Warner are also parties to the Agreement, pursuant to which they agreed to guarantee the obligations of Augusta Apartments under the Agreement. This obligates Defendants to indemnify Old Republic for any loss or damage, including attorneys' fees, sustained as a result of mechanic's lien claims arising from the construction of the Project.

13. The Agreement states in pertinent part that Defendants as "the undersigned individual Guarantors, being the principals of Augusta Apartments, LLC, jointly and severally, unconditionally guarantee to [Old Republic] the performance of every duty or obligation assumed by or imposed upon [Augusta Apartments] by this agreement."

14. In performance of its obligations under the Agreement, Old Republic issued title insurance to PNC, without the standard exception for mechanic's liens. After obtaining the necessary title insurance coverage from Old Republic, PNC closed on a construction loan to Augusta Apartments in the amount of $20,648,000, secured by a first deed of trust on the Project. A copy of the title insurance policy is attached hereto as Exhibit B.

15. Upon information and belief, Augusta Apartments entered into a construction contract with Landau Building Company ("Landau") to construct the Project, and Augusta Apartments failed to pay Landau for such work, whereupon Landau filed a mechanic's lien against the Project.

16. Landau then initiated litigation in state court against Augusta Apartments and PNC alleging, *inter alia*, that Landau's mechanic's lien had higher priority than PNC's deed of trust (the "Landau Litigation").

17. PNC filed a claim on its title policy against Old Republic and pursuant to the policy, Old Republic has provided a defense to PNC in the Landau Litigation.

18. As of April 9, 2010 Old Republic had spent $114,325.94 to defend the Landau Litigation.

19. Pursuant to the terms of the title insurance policy that Old Republic provided to PNC, Old Republic was and continues to be required to defend PNC in the Landau Litigation.

20. If a judgment is rendered in favor of Landau in the Landau Litigation holding that Landau's mechanic's lien has higher priority than PNC's insured deed of trust, Old Republic will likely sustain substantial damages in addition to the costs of defense that Old Republic has already incurred and continues to incur.

21. Augusta Apartments has not been named in this action because it has filed a Chapter 11 Bankruptcy in the United State Bankruptcy Court for the Northern District of West Virginia, Case No. 10-00303.

22. Benjamin F. Warner has not been named in this action because he filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of West Virginia, Case No. 1:10-bk-00888.

## FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

23. Old Republic hereby incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

24. In the Agreement, Defendants made a covenant to guarantee, jointly and severally, all of the obligations of Augusta Apartments.

25. An actual controversy exists as to Defendants' covenants under the Agreement. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and Federal Rule of Civil Procedure 57, Plaintiff is entitled to a judgment declaring the Agreement to be valid and enforceable as between Old Republic and Defendants, respectively, and further declaring that Defendants are obligated to honor their guarantee and to reimburse Old Republic for all damages and loss, including attorneys' fees, resulting from the Landau Litigation, as well as being obligated on all other covenants contained in the Agreement.

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

26. Old Republic hereby incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

27. The Agreement described above and attached hereto as Exhibit A constitutes a valid and binding contract between Old Republic and Defendants.

28. Old Republic fully performed its obligations under the Agreement.

29. Due to the litigation initiated by Landau, Old Republic has incurred defense costs to date in the amount of $114,325.94 and will continue to incur additional costs in its defense of the Landau Litigation.

30. Old Republic made a demand upon Defendants in a letter dated April 9, 2010 in which Old Republic demanded that all defense costs to date be paid no later than 5:00 p.m. on April 20th, 2010. A copy of the demand letter is attached hereto as Exhibit C.

31. Defendants breached the Agreement by failing to pay these costs to Old Republic pursuant to the Agreement and demand letter.

32. Defendants have been damaged in an amount to be determined at trial but which will exceed $114,325.94, as Old Republic is continuing to incur damages in defense of the Landau Litigation.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT

33. Old Republic hereby incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

34. Old Republic conferred a substantial benefit upon Defendants by issuing title insurance, without the standard exception for mechanic's lien claims, to PNC in reliance on the Agreement.

35. But for Old Republic issuing title insurance, without the standard exception for mechanic's lien claims, to PNC under the Agreement, Augusta Apartments would have been unable to obtain the loan from PNC.

36. The Agreement itself states: "[Defendants] acknowledge that this personal guaranty by them is an essential element of the consideration inducing [Old Republic] to provide the title insurance referenced herein."

37. It would be unjust for Defendants to have received the benefit of the Agreement without compensating Old Republic in accordance with the terms thereof, an amount to be determined at trial but in excess of $75,000.

WHEREFORE, Old Republic respectfully requests this Court:

(A) Order a judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, declaring the Agreement to be valid and enforceable as between Old Republic and Defendants, respectively, and further declaring that Defendants are obligated to honor their guarantee and to reimburse Old Republic for all damages and loss, including attorneys' fees, resulting from the Landau Litigation, specifically including, but not limited to, all costs of defense and any claim Old Republic is required to pay as a result of any loss of lien priority by PNC resulting from an adverse judgment in that action, as well as being obligated on all other covenants contained in the Agreement.

(B) Enter judgment in favor of Old Republic and against Defendants on Count One and Count Two of this Complaint and award compensatory damages in an amount to be determined at trial, but not less than $114,325.94, plus interest at the highest rate provided by law, and

(C) Enter judgment in favor of Old Republic and against Defendants awarding attorneys' fees to Old Republic for litigation of this action, pursuant to the Agreement.

(D) Enter judgment in favor of Old Republic and against Defendants for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Jennifer S. Caradine*
Jennifer S. Caradine (WV State Bar No. 9407)
Jason S. Long (WV State Bar No. 9080)
DINSMORE & SHOHL LLP
215 Don Knotts Boulevard, Suite 310
Morgantown, WV 26501
Phone: (304) 296-1100
Fax: (304) 296-6116
jennifer.caradine@dinslaw.com
jason.long@dinslaw.com

1764053_2