IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,
    Plaintiff,

v.                                                                   Civil Action No. 1:10-CV-00071

KRISTIAN E. WARNER,
ANDREW M. WARNER,
MONROE P. WARNER,
    Defendants.

## MEMORANDUM OPINION AND ORDER
I.
Procedural History

On or about April 30, 2010 Plaintiff, Old Republic National Title Insurance Company [Old Republic] filed its complaint [DE 3] against Defendants Kristian E. Warner, Andrew M. Warner, and Monroe P. Warner [Warners].

Warners filed their Motion To Dismiss for lack of subject matter jurisdiction; failure to state a claim upon which relief can be granted; lack of ripeness; and failure to join an indispensable party on May 27, 2010 [DE 11].

Old Republic filed its Response [DE 13] on June 11, 2010.

By Order dated September 1, 2010, the matter was referred to the Magistrate Judge, the parties having consent to magistrate judge jurisdiction pursuant to 28 U.S.C. §636 (c).

II.
Contentions of the Parties

In its complaint, Old Republic alleges Warners, residents of West Virginia, in order to induce PNC to loan Augusta Apartments $20,648,000.00 secured by a first deed of trust on the apartment complex, entered into an agreement dated December 13, 2006 whereby Warners agreed to guarantee the obligation of Augusta Apartments to indemnify Old Republic for any loss or damage, including

attorneys fees, sustained as a result of mechanic's lien claims arising from construction of the Augusta Apartment complex. Old Republic further claims the guarantee was a condition precedent to Old Republic issuing a title insurance policy on the Apartment complex project without the standard exception for mechanics liens that may arise from the construction of the project and that the PNC loan would not have been made without the title insurance. Old Republic further alleges that Landau Building Company [Landau] constructed the apartment complex; Augusta failed to pay Landau; Landau filed mechanic's liens against the apartment complex; Landau then initiated litigation in state court against Augusta Apartments and PNC to enforce its lien claiming priority over the PNC deed of trust securing the PNC loan. Old Republic further contends it provided a defense of PNC in the state court action and to April 9, 2010 had spent $114,325.94 in defense of the state court litigation. Old Republic seeks a judgment declaring its rights under the agreement pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq. Old Republic also seeks judgment against Warners for damages it sustained in the defense of the state court action including but not limited to the $114,325.94 allegedly already expended on theories of breach of contract and unjust enrichment.

    Warners contend Old Republic's complaint should be dismissed because:

1)     the federal court lacks jurisdiction because Old Republic knew a Monongalia County state court action had been filed; did not timely remove that action from state court to federal court; the state court action was tried to the court and was pending a court decision at the time it [Old Republic] filed the within action; and that the Mongalia County State Court action involves claims for attorneys fees;

2)     the claims raised by Old Republic are not ripe for action in any court because the Monongalia County state court judge has not made a decision on the action now pending in that court;

and,

3) Old Republic failed to join an indispensable party, George B. Armistead, an attorney who drafted the agreement and indemnity provisions and who Warners contend was representing them at the time of drafting and who the Warners therefor claim may be liable to them for any loss because of claimed legal malpractice.

In its response, Old Republic contends:

1) Its complaint, on its face, establishes complete diversity and an amount in controversy in excess of $75,000.00;

2) Cases cited by Warners to support dismissal are inapplicable to the facts of the within case;

3) Collateral estoppel is not appropriate because the issues being litigated in the state action are different from those being litigated in the within action and no final judgment has been reached in the state court action;

4) Claims being raised in the federal action are ripe for adjudication; and

5) Old Republic is not required to join Armistead as an indispensable party.

III.
Discussion

Motion To Dismiss Standard
12(b)(1)

Defendants motion to dismiss is couched in part in the language of F.R.Civ.P. 12(b)(1): "lack of subject matter jurisdiction"; in part in the language of F.R.Civ.P. 12(b)(6): "failure to state a claim upon which relief can be granted;" and in part in the language of F.R.Civ.P. 12(b)(7): "failure to join a party under Rule 19."

To the extent the motion is couched in the language of F.R.Civ.P. 12(b)(1), such motion challenges whether this court is permitted to adjudicate the claims brought before it.

When a **Rule 12(b)(1)** motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. **Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982)**. In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.;* **Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987)**. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. **Trentacosta, supra, 813 F.2d at 1559** (citing **Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)**). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. **Trentacosta, supra, 813 F.2d at 1558**. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to *de novo* appellate review. **Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989)**; **Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989)**. **Richmond, Fredericksburg & Potomac R. Co. v. U.S.**, 945 F.2d 765, 768 (4th Cir. 1991).

For purposes of the 12(b)(1) and 12(b)(6) challenges, the following well pleaded facts as set forth in the complaint and attached exhibits are taken as true [**Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009)**]: 1) a hold harmless agreement dated December 13, 2006 was entered into between Augusta Apartments, LLC, [Augusta] Old Republic National Title Insurance Company, Benjamin F. Warner, Kristian E. Warner, Monroe P. Warner, and Andrew M. Warner Guarantors. 2) Old Republic was unwilling to issue title insurance unless it was indemnified by Augusta against loss resulting from exception of "any lien, or right to a lien, for services, labor or material heretofore or hereafter rendered or furnished, imposed by law and not shown by the public records." 3) the agreement provided: "Further, the undersigned individual Guarantors, being the principals of Augusta Apartments, LLC, jointly and severally, unconditionally guarantee to Company the performance of every duty or obligation assumed by or imposed upon Indemnitor [Augusta] by this agreement. Guarantors acknowledge that this personal guaranty by them is an essential element of the consideration inducing Company [Old Republic] to provide the title insurance referenced

herein." 4) one of the obligations contractually imposed on Augusta for which Warners agreed to guarantee was Augusta's duty "to indemnify Company [Old Republic] harmless from all liability, loss or damage of any nature, including attorney fees and expenses incurred in enforcing this agreement" and to "indemnif[y] and ... to hold Company [Old Republic] harmless from all liability, loss or damage or any nature, including attorneys' fees and expenses incurred in enforcing [the] agreement, which Company [Old Republic] may sustain resulting from the issuance, either now or in the future of policies of title insurance which indemnify the named insureds in the policies against loss that may result from the Exception." [DE 3, Exhibit A]. 5) Landau constructed the Augusta Apartment complex; filed mechanic's liens against the property; and filed a state court action to enforce its liens against the interests of Augusta and PNC; 6) Old Republic provided a defense of the interests of its insured, PNC, in the state court action; 7) Warners are from West Virginia and Old Republic is a foreign corporation; and 8) Old Republic claims it expended $114,325.94 in defense of the state court litigation.

Accordingly, for purposes of the 12(b)(1) motion, no evidence outside of the record is required.

Warners rely on ***Ballmer v. Babbit***, **926 F. Supp. 575 (S.D.W.Va. 1996)** and ***DuPont v. United States***, **980 F. Supp. 192 (S.D.W.Va. 1997)** in support of their claim this court lacks subject matter jurisdiction. Ballmer filed his complaint seeking declaratory judgment and a permanent injunction against the OSM to prevent them from keeping him on the AVS list as an owner or controller of Great American Coal Company which was found to be in default of its mining reclamation obligations. OSM [Babbit] contended the court lacked subject matter jurisdiction because the complaint challenged regulations. OSM contended only the US District Court for the District of Columbia had jurisdiction to review national rules promulgated under the Surface Mining

Control and Reclamation Act [SMCRA]. District Judge Haden of the SDWVa held: "The crux of Plaintiff's argument is that through no fault of his own, his company was financially unable to complete reclamation. However, consideration of whether an owner or controller of a violator acted in good faith does not enter into the analysis required by the regulation. Plaintiff's arguments challenge the rule itself. Consequently, this Court does not possess subject matter jurisdiction over Counts I and III." 578.

As for **_DuPont v. United States_**, Jean DuPont allegedly fell and was injured on a defective floor in the Charleston, West Virginia post office. As required, she filed her claims first with the Post Office for an administrative determination. The Post Office denied her claim. She filed her claim under the federal tort claims act in the US District Court for the Southern District of West Virginia. Her husband attempted to join his separate and distinctly recognized loss of consortium claim in his wife FTCA suit. The Post Office moved to dismiss claiming that since he had not exhausted his administrative remedies by filing the loss of consortium claim first with the Post Office for administrative determination, the District Court lacked subject matter jurisdiction. District Judge Goodwin held: "Mr. DuPont's failure to submit his loss of consortium claim for the Postal Service's administrative review renders this Court without subject matter jurisdiction over the claim" and granted the motion to dismiss the claim. **_DuPont v. United States_**, *supra* **at 196.**

There is no requirement Old Republic submit its claim for administrative review prior to filing it in the district court as was required in **Dupont**. Old Republic was not required to submit its claim to another court instead of raising it in the District Court for the Northern District of West Virginia as was **Ballmer**. Accordingly, the Court finds **Ballmer** and **Dupont** unpersuasive.

Old Republic has met its burden under **_Bain, supra_**, the above facts certainly establishing a justiciable controversy in excess of $75,000 and certainly involving parties from two different states.

28 U.S.C. §1332(a). The undersigned concludes "the material jurisdictional facts are not in dispute and the moving party" [Warners] are not "entitled to prevail as a matter of law. *Richmond, Fredericksburg & Potomac R. Co.*, supra.  Therefore Warner's 12(b)(1) challenge is defeated.

12(b)(6)

"To survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." The complaint "does not need detailed factual allegations" but requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  It must merely present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, **550 U.S. 544, 127 S. Ct. 1955 (2007).**

In the instant case, Old Republic's complaint along with Exhibit A attached plead sufficient facts to allow "the court to draw the reasonable inference that the defendant [Warner] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, **129 S.Ct. 1937, 1949 (2009).**  This is known as the "flexible plausibility standard" and is not "akin to probability requirement...." It asks for more than sheer possibility that defendant has acted unlawfully." *Id. citing Twombly, supra.*

The complaint with Exhibit A contains more than a "short and plain statement of the claim showing that [Old Republic] is entitled to relief." FRCivP 8(a)(2). It certainly contains "more than an unadorned, the - defendant - unlawfully-harmed-me accusation." *Id.* **at 555.** Accordingly Warners' 12(b)(6) challenge fails.

To the extent Warners may be asserting Old Republic is collaterally estopped from bringing the federal action because of the pending state court action, that argument is without factual support.

The Fourth Circuit has held: "To bar Chapter 11 debtor from litigating a particular issue on the basis of collateral estoppel or issue preclusion, creditor had to establish that: (1) the issue to be precluded was identical to the issue already litigated, (2) the issue was actually determined in the prior proceeding, (3) the determination of the issue was an essential part of the decision in the prior proceeding, (4) the prior judgment was final and valid, and (5) debtor, as the party against whom estoppel was asserted, had a full and fair opportunity to litigate the issue." ***In re Coleman*, 426 F.3d 719, 729 (2005).**

Review of the State Court Pleadings[1] reflects:

1) Old Republic is not and never was a party to the State Court proceeding.

2) PNC is not and never was a party to the State Court proceeding.

3) In the instant action, Old Republic seeks a declaration and judgment that Warners are liable as guarantors of Augusta's obligation to it [Old Republic] for reimbursement of attorneys fees and expenses it expended in defense of PNC in the state litigation based on Warners being guarantors of those expenses under the agreement whereas in the State Court Action the claims made generally were:

    A) Landau Building Company claims that Augusta Apartments breached its contract and failed to pay Landau $2,283,317.90 for work performed in construction of the apartment complex.

    B) Landau Building Company's claims that its filed mechanics lien for the unpaid

---

[1]In lieu of a hearing, the Court offered the parties the opportunity to provide it with a complete copy of the pleadings in the State Court action. The parties stipulated on December 14, 2010 the copy of the State Court pleadings record was being supplied in lieu of the hearing the Court scheduled for December 23, 2010. [DE 20].

$2,283,317.90 has priority over the National City Bank first deed of trust because some of the unpaid for work was performed prior to the recording of the deed of trust.

C) Augusta's claims that Landau failed to complete work and/or performed work that was defective and not in conformance with the contract resulting in damages to Augusta.

D) National City Bank's claims that the mechanics lien jeopardized Bank's deed of trust lien for which Augusta is liable to Bank.

E. National City Bank's third party December 13, 2006 guaranty agreement claims against Kristian E. Warner, Monroe P. Warner, Andrew M. Warner, and Benjamin F. Warner for any losses suffered by Bank as a result of the mechanics lien suit in State Court.

F. Claims that National City Bank failed to monitor the performance of the construction contract resulting in damages to Augusta.

Moreover, a trial judgment opinion order was entered by the State Court Judge September 23, 2010 granting Landau Building Company judgment against Augusta Apartments, LLC in the amount of $2,000,000.00 plus post judgment interest (ie. Judgment on an arbitration award); granting Laurita Excavating, Inc., judgment against Landau Building Company in the amount of $383,000.00 plus post judgment interest; declaring National City Bank's Deed of Trust to be junior to the Mechanic's Liens of Landau Building Company and Laurita Excavating, Inc.; and appointing Peter T. DeMasters as special commissioner to ascertaining the liens against the real property at issue, selling the real property at issue and satisfying from the proceeds of the sale, to the extent possible,

the liens against the real property at issue after deducting the costs of the sale.

Nothing in the State Court action or the State Court Judgment decided the claims now being made in the within federal action by Old Republic to the effect the Warners were obligated under the guaranty agreement to reimburse Old Republic for the money it expended defending the interests of PNC in the state court action..

Accordingly, the subject federal action does not involve an issue that was identical to the issue pending in the state court action; the subject federal action does not involve an issue which was actually determined in the prior state court proceeding, (3) the determination of the issue in the subject federal action was not an essential part of the decision in the prior state court proceeding, and (5) Old Republic, as the party against whom estoppel is being asserted, did not have any opportunity, much less, a full and fair opportunity to litigate the issue in the state court action." *Id.*

12(b)(7)

> F.R.Civ.P. 19 provides: (a) Persons required to Be Joined if Feasible. (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

District Judge Haden confronted the issue raised by a 12(b)(7) motion in *Morrell v. McFarland*, **527 F. Supp. 324 (D.C. W.Va. 1981).** Morrell, an inmate in a county jail brought a civil rights complaint against the jailer, sheriff and county commission for claims arising from the jailers refusal to open the cell doors when it was apparent an inmate started fire was spreading throughout the jail. Morrell did not join the inmate who started the fire. Defendants moved to

dismiss contending the inmate who started the fire was an indispensable party. Judge Haden held:

> A litigant is not required to sue all those whom he charges with wrongful conduct. Rather, when determining whether a complaint may be dismissed for failure to join an indispensable party, the court's primary concern is with whether or not justice can be done and the court's decree made effective without the presence of the unjoined party. See e. g. ***General Transitor Corp. v. Prawdzik***, 21 F.R.D. 1 (S.D.N.Y.1957). When Moore allegedly started the fire at the Pleasants County Jail, she was not acting under color of state law. As a result, Plaintiff's failure to join Moore in this **Section 1983** action will not preclude this Court from eventually entering a decree in this action which will effectively serve the ends of justice. Accordingly, Defendants' motion to dismiss this action for failure to join an indispensable party is hereby DENIED.

Joinder of Armistead, an attorney that Warners now contend malpracticed by preparing the guarantee agreement they signed, is unnecessary to the resolution of Old Republic's claims against Warners.

Accordingly, the Court finds Armistead is not an indispensable party and Warners 12(b)(7) claim fails.

IV.
Decision and Order

For the reasons stated herein, Warners Motion To Dismiss for lack of subject matter jurisdiction; failure to state a claim upon which relief can be granted; lack of ripeness; and failure to join an indispensable party on May 27, 2010 [DE 11] is **DENIED**. In accord with FRCivP 12(a)(4)(A), Defendants shall file their responsive pleading within 14 days after notice of this Court's action. All other dates set forth in the Courts Scheduling Order dated September 15, 2010 [DE 18] shall remain in full force and effect.

The Clerk is hereby directed to remove DE 11 from the docket of motions actively pending before the Court and to provide electronic notice of th this Memorandum Opinion and Order to

counsel of record.

Dated: December 20, 2010

                                        *John S. Kaull*
                                        JOHN S. KAULL
                                        UNITED STATES MAGISTRATE JUDGE