IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,
     Plaintiff,

v.                                  Civil Action No. 1:10-CV-00071

KRISTIAN E. WARNER,
ANDREW M. WARNER,
MONROE P. WARNER,
     Defendants.

**MEMORANDUM OPINION AND ORDER**
I.
Procedural History

On or about April 30, 2010 Plaintiff, Old Republic National Title Insurance Company [ Old Republic] filed its complaint [DE 3] against Defendants Kristian E. Warner, Andrew M. Warner, and Monroe P. Warner [Warners].

Warners filed their Motion To Dismiss for lack of subject matter jurisdiction; failure to state a claim upon which relief can be granted; lack of ripeness; and failure to join an indispensable party on May 27, 2010 [DE 11].

Pursuant to a July 26, 2010 rule 26(f) planning conference the "final date for the defendant to amend pleadings or to join parties [was set for] January 7, 2011."

By Order dated September 1, 2010, the matter was referred to the Magistrate Judge, the parties having consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636 (c).

The Court memorialized the parties suggested deadline dates resulting from their planning meeting in the Scheduling Order dated September 15, 2010 [DE 18]. The order provided that "[m]otions to add additional parties, motion to amend pleadings, and any crossclaim or counterclaim and the reply thereto as well as any motion filed under Fed.R.Civ.P. 12(b) shall be fully effected by

January 7, 2011."

By Order dated December 20, 2011, Warners' Motion To Dismiss for lack of subject matter jurisdiction; failure to state a claim upon which relief can be granted; lack of ripeness; and failure to join an indispensable party [DE 11] was denied; Defendants were directed to file their responsive pleading within 14 days after notice of this Court's action ( FRCivP 12(a)(4)(A)); and "[a]ll other dates set forth in the Courts Scheduling Order dated September 15, 2010 [DE 18] ... remain[ed] in full force and effect." [DE 21].

The parties agreed that Defendants would have until February 2, 2011 to file the answer that otherwise would have been due on or about January 3, 2011. The Court memorialized the parties agreement by Order entered December 29, 2010 [DE 23]. The Court's order did not modify any other dates scheduled by its prior orders other than the date for the filing of defendants' answer.

Defendants filed their answer and affirmative defenses to the complaint on February 3, 2011 [DE 24].

Defendants apparently attempted to file their third party complaint using a wrong filing event on February 16, 2011. [DE 25]. After communications between counsel and the docketing clerk, the third party complaint was filed using the correct docketing event and is shown as filed on February 17, 2011. [DE 26].

By Order dated February 18, 2011 the Court scheduled a status conference for March 31, 2011. [DE 28]. The Court noted Defendants' filing of a third party complaint but by footnote specifically took no position with respect to the propriety of that filing:

> Apparently Defendants filed the document on February 16, 2011 using an incorrect "event" and refiled the next day, February 17, 2011 using a correct event. The Court expresses no opinion by this order that the filing of the Third Party Complaint or Answer and Affirmative Defenses were timely filed or whether or not leave of Court by appropriate motion was required in order to file the Third Party Complaint

[F.R.Civ.P. 14(a)(1)].

On March 25, 2011 PNC Bank [PNC] filed "Third-Party Defendant PNC Bank, N.A.'s Motion To Strike/Motion To Dismiss Third-Party Complaint" [DE 31].

On March 31, 2011 came Old Republic National Title Insurance Company by its counsel, Matthew H. Nelson, the Warner defendants by their counsel, John Lacher and Edward R. Kohout, and PNC Bank, N.A., specially appearing in support of its Motion To Strike/Motion To Dismiss Third Party Complaint, by its counsel, Frank E. Simmerman, Jr.

Although the matter was not yet ripe, the Court heard oral arguments with respect to the Motion To Strike/Motion To Dismiss Third Party Complaint; gave plaintiffs until April 4, 2011 to file their response to the motion; deemed the matter submitted on the arguments made and motion and response without the further need for any reply memorandum; and advised the parties appearing that all remaining dates in the Court's prior scheduling order remained in full force and effect.

March 31, 2011 the Warner defendants filed their Response To Motion To Dismiss Third Party Complaint {DE 36]. April 1, 2011, the Warner defendants filed their Motion For Relief From Scheduling Order and Continuance of Trial [DE 37].

II.

Contentions of the Parties

Motion To Strike/Dismiss Third Party Complaint

PNC contends Third Party Complaint should be stricken or denied because:

1)      It was not timely filed.

2)      Defendants did not obtain leave of Court to file it in accord with F.R.Civ.P. 14.

3)      It does not state a viable third party claim.

Defendants contend:

1)       PNC incorrectly interprets the Court's prior orders and Third Party Complaint was timely filed in accord with the correct interpretation of the Court's prior orders because the Order Scheduling Status Conference modified the original scheduling order and the Defendants were entitled to rely on that modification.

2)       Late filing of third party complaint does not mandate dismissal in the absence of prejudice and no prejudice is shown particularly when there has been a mis-communication between Warners' Pittsburgh counsel and local counsel which amounts to excusable neglect justifying late filing in the absence of prejudice to PNC and late filing of third party complaint was single event and not contumacious disregard of the Court's scheduling order.

3)       The third party complaint alleges derrivative liability for indemnification against PNC.

Motion For Relief From Scheduling Order

1)       Attorney Kohout claims to be surprised by attorney Lacher's announcement during the hearing that the firm of Robert O Lampl would no longer be involved representing the Warners leaving Kohout as the sole attorney now representing the Warner defendants.

2)       No discovery was conducted.

3)       The case is not ready for trial.

III.

Discussion

**Courts Scheduling Order Dated September 15, 2011**

The parties submitted the January 7, 2011 deadline by which they were to join parties to the action. The Court incorporated that deadline into its September 15, 2010 scheduling order. The Court's Memorandum Opinion and Order entered December 20, 2010 did not modify in any way the

scheduling order of September 15, 2010 with respect to the January 7, 2011 deadline for joinder of parties. Accordingly, the deadline for joinder of parties remained January 7, 2011. Plaintiff correctly points to LRCivP 16.01(f)(2) and (3) and its language differentiating the rule with respect to modification of the deadline for joinder from modification of other scheduling order deadlines. To modify the deadline for joinder, the party seeking such modification must seek a court order and show just cause for such modification. No such court order was sought or just cause presented. The Warner Defendants' sole excuse for not timely filing such a motion appears to be that the local counsel thought the out of town counsel was taking care of the matter when they apparently were not.

Although not binding, the court finds support for its position in Graham v. A.T.S.Specialized, Inc., 2007 WL 1302544 (SDWV). Before District Judge Johnston was Wheelabrator's motion to File a third party complaint. The motion seeking leave to file a third party complaint against Control Manufacturing Corporation [Control} was filed while Defendant Wheelabrator's motion to dismiss was pending. It was filed before the Scheduling Order's October 13, 2006 deadline for filing third-party complaints had expired. Once the district court denied Wheelabrator's motion to dismiss by order dated January 17, 2007, Wheelabrater timely filed its answer. Plaintiff took the position that Wheelabrator Rule 14 prohibited the filing of a third-party complaint until after defendant had filed his original answer. District Judge Johnston rejected Plaintiff's interpretation.

> The Court, however, does not read the rule's language to require that an answer must be filed in order for a defendant to bring a motion requesting permission to file a third-party complaint once its pending motion to dismiss is ruled upon. The only effect the filing of an answer has on the third-party complaint is whether or not leave is necessary. For example, pursuant to Rule 14's language, so long as the third-party complaint is filed "not later than" ten days after the answer is served, leave is not required. Fed.R.Civ.P. 14(a). If, due to a pending motion to dismiss and the district court's scheduling order, a motion to file a third-party complaint is filed before the answer, then because this is "not later than 10 days after serving the original answer", leave of the court is not needed, and the district court may order the complaint filed should the motion to dismiss be denied. See id.

Although there is non-binding case law that suggests leave of court is required in all situations except where a third-party complaint is filed within ten days of an answer,[FN3] it would not make much sense to require a defendant to seek leave to file a third-party complaint while a motion to dismiss is pending, when, under Rule 14, the defendant could file a third-party complaint without leave within ten days of its answer-but for the district court's scheduling order. The problem in this case is that the scheduling order prevented Wheelabrator from filing the proposed third-party complaint after its answer. The purpose of the ten day limitation is to prevent delay in the litigation process, and to encourage the defendant "to implead the third-party as soon as possible after serving the answer." 6 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 1443 (2d ed.2007). The rationale of requiring a defendant to implead as soon as possible is not undermined by granting Wheelabrator's pre-answer motion to file a third-party complaint because the motion complied with the scheduling order, put Plaintiffs on notice that the third-party complaint would be ordered filed depending on the outcome of the pending motion to dismiss, and was brought prior to it being due without leave under Rule 14.

Wheelabrator filed a motion for leave to file its third-party complaint against Control while its motion to dismiss was pending, and did so in order to comply with the Court's October 13 deadline. Through no fault of Wheelabrator, the deadline for third-party complaints was prior to ten days after it served its answer. Thus, it would have been impossible for Wheelabrator to comply with the Court's scheduling order had it waited for its motion to dismiss to be denied before it filed the third-party complaint, and had it not acted, Plaintiffs would have likely challenged the complaint as untimely pursuant to the scheduling order. Thus, although the motion was titled as a motion for leave, leave to file the complaint was not necessary. Moreover, even if leave was required, there has been no undue delay on Wheelabrator's part, and the filing of the complaint will not likely "introduce unrelated issues and unduly complicate" this action. *Id.; see also Dishong v. Peabody Corp.,* 219 F.R.D. 382, 385 (E.D.Va.2003) (citations omitted). For these reasons, although leave was not necessary, the Court will grant Wheelabrator's motion and order that the third-party complaint against Control be filed.[1]

Warner Defendants are in the same position as Wheelabrator. The time to file a third party complaint under the scheduling order ended on January 7, 2011 while a decision of their motion to dismiss was still pending. Warner Defendants, faced with the situation, should have filed a motion under LRCivP 16.01 (f)(1)(i):

---

[1] Graham v. A.T.S.Specialized, Inc. was decided in 2007 and prior to the 2010 modification of the rules providing for an almost universal application of a 14 day time limit as opposed to the earlier 10 day time limit.

(f) Modification of Scheduling Order:
(1) (i) Time Limits: Time limits in the scheduling order for the joinder of
other parties, amendment of pleadings, filing of motions, and
completion of discovery, and dates for conferences before trial, a final
pretrial conference, and trial may be modified for cause by order.

This Court rejects Warner Defendants' argument that the Order Scheduling Status
Conference modified the original scheduling order. First the Order Scheduling Status conference
contained the following self explanatory footnote: "Apparently Defendants filed the document on
February 16, 2011 using an incorrect "event" and refiled the next day, February 17, 2011 using a
correct event. The Court expresses no opinion by this order that the filing of the Third Party
Complaint or Answer and Affirmative Defenses were timely filed or whether or not leave of Court
by appropriate motion was required in order to file the Third Party Complaint [F.R.Civ.P. 14(a)(1)]."
The Order next provided: "If timely and properly filed, the Third Party Complaint may require
modifications in the Court's scheduling order." No where in the Court's order did it say that the
Court was modifying the prior scheduling order and was permitting the late filing of a third-party
complaint.

Failure to timely file the motion and seek an extension of the January 7, 2011 deadline for
filing third-party complaints resulted in the Warner Defendants' violation of the scheduling deadline
they agreed to and which was incorporated and memorialized in the Court's Order.

**F.R.Civ.P. 14(a)(1)**

F.R.Civ.P. 14(a)(1) provides: "A defending party may, as third-party plaintiff, serve a
summons and complaint on a nonparty who is or may be liable to it for all or part of the claim
against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-
party complaint more than 14 days after serving its original answer."

Nothing in the rule precludes the defending party from filing a third-party complaint without leave of court at any time prior to the running of the 14 day limit including but not limited to any time prior to filing an answer.[2]

By stipulation memorialized by court order, the Warner Defendants were to file their answer to plaintiff's complaint by February 2, 2011. The Warner Defendants filed their answer on February 3, 2011. The answer was late. However, the lateness of Defendants' Answer is not an issue before the Court.

The 14 day time frame that triggered the Warner Defendants' duty to seek leave of Court in order to be able to file a third party complaint started to run on February 2, 201, as that was the date when they were to have served their answer or responsive pleading on plaintiff. The Warner Defendants cannot extend their own perceived deadline to file a third-party complaint by being tardy in filing their answer.

Accordingly, assuming *arguendo* that Warner Defendants' time to file a third party complaint was not January 7, 2011 and the scheduling order did not control, an argument already rejected, their filing the third-party complaint on February 17, 2011 was late as it was beyond the 14 day limit which expired February 16, 2011. Accordingly, the Warner Defendants would have been required to ask for and receive leave of court to file the third- party complaint.

Defendants' filing of a third party complaint on February 17, 2011 without first obtaining leave of Court constitutes an improper filing.

Warner Defendants next argue the late filing of a third-party complaint does not warrant

---

[2]As District Judge Johnston noted: "it would not make much sense to require a defendant to seek leave to file a third-party complaint while a motion to dismiss is pending, when, under Rule 14, the defendant could file a third-party complaint without leave within ten days of its answer-but for the district court's scheduling order." Graham v. A.T.S.Specialized, Inc. , *supra.*

dismissal when the delay is short and no prejudice is shown citing District Judge Haden's decision

in Cavender v. Consolidated Rail Corp., 588 F.Supp. 98 (S.D.W.Va. 1984). Cavender sued

Consolidated Rail Corp. for injuries he sustained to his foot when he jumped from a moving train

car on Dupont side tracks to warn others after unsuccessfully attempting to stop the car using a hand

brake. Consolidated filed a third-party complaint on October 2, 1981, one day after the expiration

of the 10 day term expired. Noting Rule 1 District Judge Haden held:

> Rule 1 of the Federal Rules of Civil Procedure states that the rules "shall be
> construed to secure a just, speedy and inexpensive determination of every action."
> Finding that the delay of the filing of the third-party complaint to be most minimal,
> finding further that no party has asserted that their interests have been prejudiced by
> this one-day delay, and finding that requiring the Third-Party Plaintiff to refile upon
> the proper motion would cause unnecessary delay and expense, this Court is not
> inclined to dismiss the third-party complaint on the basis that it was filed one day
> late.

But for the failure to comply with the scheduling order and depending of the viability of their

third-party claim, the Warner Defendants may be well served by District Judge Haden's ruling in

Cavender if they are able to establish excusable neglect. District Judge Stamp in Moundsville Water

Board v. Shook, Inc., et al, (5:09cv113, 2011) noted that:

```
The factors to be considered in deciding whether to allow
a late filing under the excusable neglect standard of
Rule 6(b) of the Federal Rules of Civil Procedure
include: the danger of prejudice to the non-moving party,
the length of delay and its potential impact on the
judicial proceedings, the reason for the  delay,
including whether it was within the reasonable control of
the movant, and whether the movant acted in good faith.
See Pioneer, 507 U.S. at 395.
```

The facts of the Moundsville Water Board Case are so distinguished from the facts of the instant case as to make District Judge Stamp's ruling of little value to the decision required herein. For instance, in the Moundsville case, the plaintiff was not objecting to the filing of an answer by the defendant one day late (one day after the 14 day time limit following denial of the motion to dismiss). It did not involve Rule 14. It did not involve failure to abide by a scheduling order. The fact that Defendant apparently did not know it had failed to file its answer is ameliorated by the fact that the Plaintiff did not object to the late filing. None of those facts exist in the instant case.

Applying the factors to be considered, the Court notes that the instant case involves a delay of one day; involves a failure to abide by the Court's scheduling order; the delay was within the control of the Warner Defendants; involves a failure to request a modification of a scheduling order; mis-communication between Pittsburgh and local counsel without more is not facial excusable neglect; and prejudice to the objecting party, PNC, and any impact on the judicial proceedings is not minimal in that it will necessarily restart the discovery clock with respect to the third party claims and delay Old Republic's opportunity to be heard and its claims decided by the trial now scheduled for May 12 and 13, 2011.

Further, the Court finds this case factually distinguishable from Horton v. Lt. Wesley Dobbs, 09cv15 (NDWV 2011); Shoop v. Hott, 08cv188 (NDWV 2010); and King v. Rollo, 09cv114 (NDWV 2011). The Court does not find the conduct of the Warner Defendants to be contumacious disregard of the Court's orders. King v. Rollo, 09cv114 (NDWV 2011).

This Court concludes that failure of the right hand to know what the left hand is or is not doing in a case, without more, does not constitute excusable neglect. This Court does not find the one day delay in filing the third party complaint significant. This Court finds the failure to seek leave of Court is a violation of the rule and, like the failure to timely seek a modification of the

scheduling order to permit a filing of a third-party complaint after the motion to dismiss was decided, is inexcusable.

However inexcusable the failures under the facts of this case may be, under the general provisions of FRCivP 1 this Court is required to balance those failures against the viability of the claims being asserted in the third party complaint.

**Viable Claim**

In order for Defendant Warners' third-party complaint to be viable it must be against a nonparty (PNC) 'who is or may be liable to it (Warner Defendants) for all or part of the claim (Old Republic's) against it (Warner Defendants)." FRCivP 14(a)(1).

In his slip opinion in Christian v. The Bank of New York Trust Company, N.S., 2010 WL 2465478, District Judge Robert C. Chambers gave the following instructive plain meaning to the rule:

> A third-party complaint filed pursuant to Rule 14(a) must be based upon a theory of derivative or secondary liability. *See, e.g., Laughlin v. Dell Fin. Services, L.P.,* 465 F.Supp.2d 563, 566 (D.S.C.2006) ("[A] third-party defendant's liability under Rule 14 must be secondary or derivative to the defendant's liability to the original plaintiff.") (citing *Scott v. PPG Indus. Inc.,* 920 F.2d 927, 1990 WL 200655, at *3 (4th Cir.1990) (unpublished decision)); *Erickson v. Erickson,* 849 F.Supp. 453, 456 (S.D.W.Va .1994) ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim."); *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Associates, Inc.,* 117 F.R.D. 576, 578 (E.D.Va.1987) ("Typically, proper third party claims involve one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable."). "In other words, a third party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, 'It was him, not me.' Such a claim is viable only where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part ... of anything I must pay plaintiff.' " *Watergate Landmark,* 117 F.R.D. at 578.
>
> "The third party practice prescribed by [Rule 14] is an important procedural reform the purpose of which is to avoid needless multiplicity of actions." *Baltimore & O.R. Co. v. Saunders,* 159 F.2d 481, 484 (4th Cir.1947); *see also Noland,* 301 F.2d at 50

("[T]he primary objectives of third-party procedure is to avoid circuity and multiplicity of actions."). Thus, "[g]ranting leave to bring a third-party into an action pursuant to Rule 14(a)(1) falls within the sound discretion of the trial judge and should be liberally construed." *Wright,* 2008 WL 4900566 at * 1 (citing *Baltimore & O.R. Co.,* 159 F.2d at 483-84); *see also Noland,* 301 F.2d at 50 (same).

In its motion to strike Defendant Warners' third-party complaint, PNC relies on the following clauses in that complaint to support its claim that the claims being made are not secondary or derrivative:

11. The Warners aver that the acts, errors, omissions, negligence and/or breaches of contract on the part of National City Bank and the attorneys, employees,agents, representatives and others in its employ **are the sole and proximate cause of any and all losses sustained by Old Republic**, and therefore file this Complaint to Join PNC Bank, N.A., successor-in-interest to National City Bank as a Third Party Defendant to this action.

42. **Any damages sustained by Old Republic** are the result of the filing of a mechanic's lien coupled with the priority afforded the resulting judgment over PNC's lien position, **both of which were caused solely and proximately by the negligence and/or breach of contract by PNC in preparing closing documents legally insufficient to perform their stated and intended purpose.**

50. The Warners aver that **any and all losses that Old Republic has or may sustain are due solely to the acts, errors and omissions of PNC** as set forth hereinabove, and that any such losses should be paid **solely by PNC.**

WHEREFORE, the Warners respectfully request that this Court find that **any losses proven by Old Republic stemming from the filing of the Landau mechanic's lien, the resulting trial and the loss of PNC's lien priority are due solely and proximately to the negligence of PNC, and are to be paid solely and exclusively by PNC.**

58. The Warners aver that **any and all losses that Old Republic has or may sustain are due solely to the breaches of contract committed by PNC** as set forth hereinabove, and that **any such losses should be paid solely by PNC.**

WHEREFORE, the Warners respectfully request that this Court find that **any losses proven by Old Republic stemming from the filing of the Landau mechanic's lien, the resulting trial and the loss of PNC's lien priority are**

**due solely and proximately to the negligence of PNC, and are to be paid solely and exclusively by PNC.**

To place the argument in proper context, it is necessary to analyze the pleadings on file.

The original complaint [DE 3] is between Old Republic National Title Insurance Company as Plaintiff and Kristian E. Warner, Andrew M. Warner and Monroe P. Warner [the Warner Defendants] as Defendants. Old Republic alleges that on December 13, 2006 it agreed with Augusta Apartments LLC and the Warner Defendants and Benjamin F. Warner (principals of Augusta) to issue title insurance to PNC Bank without the standard exception for mechanic's lien waivers in exchange for Augusta's promise to indemnify it for any loss or damage, including attorneys fees resulting from any mechanic's lien claims that arose from construction of the Augusta Apartment Complex. It further alleges the Warner Defendants promised to guarantee the obligations of Augusta. It is alleged that under the agreement, the Warner Defendants as "the undersigned individual Guarantors, being the principals of Augusta Apartments, LLC, jointly and severally, unconditionally guarantee to [Old Republic] the performance of every duty or obligation assumed by or imposed upon [Augusta Apartments] by this agreement." Old Republic alleges it issued the title insurance to PNC without the standard exception for mechanics liens; that PNC closed a $20,4648,000 construction loan with Augusta secured by a first lien deed of trust. Old Republic further alleges that Augusta entered into a construction agreement / contract with Landau to build the apartment complex; that Augusta failed to pay Landau; that Landau filed a mechanic's lien and initiated a state court action alleging its lien was in priority over PNC's deed of trust. PNC demanded Old Republic defend PNC's interest in the state court action involving Landau. Old Republic further alleges the state court entered judgment in favor of Landau's claim of lien priority. In its complaint, Old Republic seeks declaratory judgment under 28 USC §2201 *et seq.* and FRCivP 57 that the agreement between Old Republic and the Warner Defendants is valid and enforceable and

that the Warner Defendants are obligated under their guarantee to reimburse Old Republic for all damages and loss, including attorneys fees, resulting from the Landau litigation. Under a breach of contract theory Old Republic seeks judgment against the Warner Defendants for the $114,325.94 it had incurred and additional costs it will incur in the defense of PNC in the Landau litigation as a result of the Warner Defendants' failure to pay the demand made on April 9, 2010. Under a theory that, but for the guarantee of the Warner Defendants, Old Republic would not have issued the title insurance without the standard mechanic's lien exception and Augusta would not have received the loan from PNC, Old Republic alleges the Warner Defendants are unjustly enriched for which Old Republic seeks judgment against them for the value of loss.

The Third Party Complaint at issue is between the Warner Defendants as Third Party Plaintiffs and PNC, a successor in interest in National City Bank. For purposes of the Court's analysis, National City Bank has been referred to as PNC, its undisputed successor in interest. In the Introductory Statement, the Warner Defendants acknowledge they were joined in the state court action but that prior to trial, **"the parties to the State Court Action stipulated to a bifurcation prior to trial, in which the substantive rights of Landau, Augusta and National City Bank with respect to the mechanic's lien claim and /or question of the lien priority to be afforded said mechanic's lien were adjudicated at trial, with trial of the claims between National City Bank and the Warners to be held in abeyance pending further Order of Court."** [emphasis added by court] [DE 26, #6]. The Warner Defendants allege State Trial Judge Clawges determined the lien of Landau held priority to the lien of PNC; that a judgment on the mechanic's lien was entered in the amount of $2,000,000[3]; that Attorney George Armistead, attorney for the Warner Defendants

---

3 The Warner Defendants assert this sum was reached in an arbitration settlement and that the settlement was indirectly forced on them by the actions of PNC refusing to provide a defense at the arbitration or money for a defense at the arbitration.

and some of the corporate entities, procured title insurance as an authorized agent of Old Republic; that PNC drafted the closing documents and the Warner Defendants and Augusta had no role in the preparation of those documents; that Warners and Augusta were not parties to the instruments prepared and designed to protect the lien priority of the bank's first deed of trust; that only PNC, Old Republic and Landau were privy to the preparations of those documents for the closing; that a document prepared by PNC entitled Consent of Contractor and submitted to Landau by which PNC sought to prevent Landau from filing a mechanic's lien that challenged the bank's priority lien position was ruled by State Judge Clawges to be insufficient as a no-lien agreement; and that it is PNC's fault that a proper no-lien document was not filed and therefore it was PNC's fault that Landau was able to secure a lien position ahead of the bank. The Warner Defendants claim negligent breach of duty owed to all parties to the loan and closing documents in preparation of the closing documents and breach of contractual duty to all parties to the loan and closing documents in the preparation of the closing documents thereby Making "any losses proven by Old Republic stemming from the filing of the Landau mechanic's lien the resulting trail and the loss of PNC's lien priority ... due solely and proximately to the negligence of PNC, and are to be paid solely and exclusively by PNC."

A fair reading of the third party complaint shows that the Warner Defendants are simply claiming the PNC is directly liable to Old Republic for the damages proved by Old Republic because of PNC's alleged negligence and or breach of contractual duty in the preparation of the closing documents.

They are in effect saying "it was him [PNC] not me." It is clear the claims are related. But there is scant showing they are derivative. The Warner Defendants admit and aver they had no role in the preparation of the closing documents. They fail to explain how PNC is liable to them under

the guaranty/indemnity agreement to pay all or any portion of that which they agreed to guarantee in behalf of Augusta.

They point out in their pleadings that the issues they raise in the third party complaint in this action are already in litigation before the state court judge. Inasmuch as one of the goals of Rule 14 is "to avoid circuity and multiplicity of actions." *Wright,* 2008 WL 4900566 at * 1, *supra,* this Court will not entertain a third-party complaint that would frustrate that goal and file yet another litigation that could result in an inconsistent or a conflicting decision or judgment.

**DE 37**

The Warner Defendants seek relief from the scheduling order and from the trial scheduled for May 12, 2011 on the grounds that out of state counsel, Robert O Lampl, who has previously appeared via electronic signature on Defendants' Answer, but has not complied with the pro hac vice requirements of this court, announced verbally through his associate, John Lacher, at the March 31, 2011 hearing that he would not be representing the Warner Defendants leaving local counsel Edward R. Kohout as the sole counsel of record. The Warner Defendants further aver that the case is not prepared for trial on May 12, 2011 because no discovery has been completed, the times for discovery have expired, and a third-party complaint is pending. These assertions of surprise and lack of preparation caused by out of town counsel are without merit.

This declaratory judgment action was brought on April 29, 2010. Edward R. Kohout, appearing as the sole attorney for the Warner Defendants, filed the motion to dismiss on May 27, 2010. [DE 11]. According to the Report of Parties' Planning Meeting filed July 16, 2010 [DE 14], Edward R. Kohout was the sole attorney appearing and then representing the Warner Defendants. When the parties submitted a Stipulation on December 14, 2010, Edward R. Kohout was the sole attorney appearing on the stipulation. [DE 20]. The first time Robert O. Lampl's name appears on

a filing is the Motion To Approve Consent Order Extending Response Deadline filed December 28, 2010 [DE 22].

This is a simple case. The issues surrounding the late and improper filing of the Third Party Complaint have been resolved. Discovery closed February 1, 2011. Dispositive Motions were due by February 28, 2011 and none were filed. The proposed pretrial order is due by April 11, 2011. The Warner Defendants have been represented from near the beginning of this case. That local counsel has been actively engaged in every aspect of the case is established by the filings of record. Accordingly, the Court concludes there is no justiciable excuse for not being ready for trial is offered or shown.

IV.

Decision and Order

For the reasons stated herein, PNC's Motion To Strike Motion To Dismiss Third-Party Complaint **[DE 31] is GRANTED** and the Third-Party Complaint filed by the Warner Defendants on February 17, 2011 **[DE 26] is STRICKEN**. For the reasons stated herein, Defendants' Motion For Relief From Scheduling Order and Continuance Of Trial **[DE 37] is DENIED.** The Clerk is hereby directed to remove DE 31 and DE 37 from the docket of motions actively pending before the Court and to provide electronic notice of this Memorandum Opinion and Order to counsel of record.

Dated: April 6, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE