IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,
    Plaintiff,

v.                                                       Civil Action No. 1:10-CV-00071

KRISTIAN E. WARNER,
ANDREW M. WARNER,
MONROE P. WARNER,
    Defendants.

## MEMORANDUM OPINION AND ORDER

On or about 3 August 2011 Defendants filed their motion To Disqualify Plaintiff's Expert Witness [DE 65]. Plaintiff filed its response in opposition to the motion [DE 81]. 18 August 2011, Plaintiff, by its counsel, Jennifer S. Caradine, and Defendants, by their counsel, Edward Kohout, appeared before the Court and argued their respective positions. No evidence was presented.

Defendants contend Plaintiff's designated expert witness, attorney Robert M. Steptoe, Jr., a partner in the law firm of Steptoe and Johnson, PLLC should be precluded from giving opinion testimony relative to the issue of the reasonableness of Plaintiff's claimed attorney fees because:

1)     the jury does not need to receive expert testimony to decide the issue remaining in this case; or

2)     Rule of Professional Conduct 1.9 prohibits an attorney from representing another person in the same or substantially similar matter in which that person's interests are materially adverse to the former client without his consent.

3)     Rule of Professional Conduct 1.10 imputedly disqualifies Robert M. Steptoe, Jr. from acting as an expert witness in this case.

Plaintiff contends:

1) Mr. Steptoe is not representing a person who's interests are materially adverse to the former client. He has been retained as an expert witness to opine relative to the reasonableness of the fees charged by counsel for Old Republic. He is not representing Old Republic.

2) The issues presented by Steptoe and Johnson's representation of Square at Falling Run, LLC in 2006 in its efforts to obtain TIF (tax increment financing) is not part of the basis of his opinion in the instant case.

3) Steptoe and Johnson did not represent the Warner Defendants in a $2.4 million loan closing with First United Bank & Trust.

4) Even if Steptoe and Johnson did represent the Warner Defendants in a $2.4 million loan closing with First United Bank & Trust, none of that representation forms any basis for his opinions on the reasonableness of attorneys fees being claimed by Old Republic in this case.

5) Steptoe & Johnson representation of Fifth Third Bank and First United Bank & Trust in separate civil actions against the Warners and Steptoe and Johnson representation of the receiver appointed by the Court for Mountaineer Court are separate matters and therefor Robert M. Steptoe, Jr. is not providing representation to another person in the same or substantially related matter.

Rule 1.9 of the West Virginia Rules of Professional provides:

A lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit with respect to a client or when the information has become generally known.

Rule 1.10 provides:

(a) While lawyers are associated in a firm, none of them shall knowingly represent

a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2.

**(b)** When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(b) that is material to the matter.

**(c)** When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer unless:

(1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and

(2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(b) that is material to the matter.

**(d)** A disqualification prescribed by this rule may be waived by the affected client under the conditions stated in Rule 1.7.

There is no dispute of fact that:

1) Steptoe and Johnson PLLC of Clarksburg, WV represented The Square At Falling Run, LLC relative to Project Financing including Tax Incremental Financing in 2006;

2) Steptoe and Johnson PLLC represented First United Bank & Trust in a McCoy 6 Apartments LLC loan matter in 2009 and McCoy 6 was billed for the work;

3) Robert M. Steptoe, Jr. is a partner in the law firm of Steptoe and Johnson PLLC;

4) The within lawsuit is between Old Republic and the individual Warner Defendants as guarantors and indemnitors of certain obligations incurred under an indemnity contract previously construed by this Court.

5) Robert M. Steptoe, Jr. is being called as an expert witness to testify to the reasonableness of the fees and expenses claimed by counsel for Old Republic.

6) The claims of Old Republic being litigated before a jury in this Court are against the three

Warners as individuals under an indemnity and guaranty agreement they signed.

7) The claims of Old Republic being litigated before a jury in this Court are not against McCoy 6 Apartments LLC or The Square At Falling Run LLC.

8) One or more of the Warner Defendants in the instant action are individual owners of interests in McCoy 6 Apartments LLC and The Square At Falling Run LLC

The threshold inquiry for the Court is: Does Robert M. Steptoe, Jr.'s engagement as a witness called to testify as an expert constitute "current representation" of Old Republic and, if so, does that "current representation involve[s] a substantially related matter to that of a former client." Moreover, the Court must find that the Warners have shown that they were former clients of Steptoe or his firm and that "the two representations are adverse." State ex rel. McClanahan v. Hamilton, 191 W.Va. 290, 444 S.E.2d 566 (1994).

In Lawyer Disciplinary Bd. v. Printz, 192 W.Va. 404, 452 S.E.2d 720 (1994) it was found that prior representation of an ex-wife by members of an attorney's firm was not substantially related to the attorney's representation of the interest of the ex-husband in a partition appeal because the prior representation dealt with visitation, child support, and alimony issues and the subsequent representation dealt with issues concerning the effect of an upset bid on a partition sale, neither having a direct relation to the other. On the other hand, where the prior representation provided the attorney with insight and information that was relevant in the subsequent adverse representation, the Court was not hesitant to find a disqualification. State ex rel McClanahan v. Hamilton, *supra.* See also State ex rel Ogden Newspapers, Inc. v. Wilkes, 198 W.Va. 587, 482 S.E.2d 204 (1996).

In the instant case, the Court does not find Robert M. Steptoe, Jr.'s engagement and appearance as an expert witness testifying on the reasonableness of the fees and expenses of

unrelated legal counsel for Old Republic constitutes Steptoe representing Old Republic in its claims against the Warnder Defendants. The Court does not find evidence sufficient to support a finding that the instant litigation is in any substantial way related to Steptoe and Johnson PLLC's prior representation of McCoy 6 Apartments LLC and The Square At Falling Run LLC in their loan and TIF. There is no evidence before this Court that the Steptoe and Johnson PLLC firm gained any information or knowledge from its prior representation of McCoy 6 Apartments LLC and The Square At Falling Run LLC in the loan and TIF which is relevant to the matters Robert M. Steptoe, Jr. would be called on to testify to as an expert witness.

The Warner Defendants urge the Court to consider the holding in Garlow v. Zakaib, 186 WV 457, 463-465, 413 SE2d112, 118-120 (1991) in support of disqualification of Robert M. Steptoe, Jr. as an expert witness. Garlow v. Zakaib stands for the proposition "that before a circuit court disqualifies a lawyer in a case because the lawyer's representation may conflict with the *Rules of Professional Conduct,* a record must be made so that the circuit court may determine whether disqualification is proper. Furthermore, this Court will not review a circuit court's order disqualifying a lawyer unless the circuit court's order is based upon an adequately developed record. In the alternative, if the circuit court's order disqualifying a lawyer is based upon an inadequately developed record, this Court, under appropriate circumstances, may remand a case to the circuit court for development of an adequate record. The Garlow court discussed the three part test urged on this Court by Defendants. However, that three-part test is for determining whether disqualification is proper where a lawyer may be called as a witness: "When an attorney is sought to be disqualified from representing his client because an opposing party desires to call the attorney as a witness, the motion for disqualification should not be granted unless the following factors can be met: First, it must be shown that the attorney will give evidence material to the determination of the issues being

litigated; second, the evidence cannot be obtained elsewhere; and, third, the testimony is prejudicial or may be potentially prejudicial to the testifying attorney's client." citing Syl. pt. 3, *Smithson v. United States Fidelity & Guaranty Co.,* 186 W.Va. 195, 411 S.E.2d 850 (1991).

The Warner Defendants also urge the Court to apply <u>States v. Hawes</u>, 251 Neb. 305, 556 N.W.2d 634, 638 (Neb., 1996). In that case Hays, appointed counsel for Hawes in a failure to appear for trial case, was called as a witness and was found in criminal contempt for his refusal to answer questions propounded by the prosecution during the preliminary hearing concerning whether he had told his client (Hawes) the time, date and place of Hawes' trial. Finding that the prosecution had not carried its burden of proving "the defense attorney's testimony will actually be adverse to the accused, that the evidence sought to be elicited from the attorney will likely be admissible at trial under the controlling rules of evidence, and that there is a compelling need for such evidence which cannot be satisfied by some other source" the court of appeals reversed the contempt citation. <u>Hawes</u> is distinguishable from the facts of this case in that Hawes actually represented the no show defendant and then was later called to testify at the preliminary hearing of the no show defendant on new charges relating to his failure to show.

Finally, the Warner Defendants urge the Court to apply the general repugnancy of calling an attorney to testify against his client as expressed in <u>U.S. v. Cochran</u>, 546 F. 2d 27 (C.A.Miss. 1977). Cochran was being prosecuted for being a disqualified person in possession of a firearm. While not embracing the concept of calling counsel to testify against his former client, the Mississippi appellate court held that the former attorney's testimony that his client had pled guilty to burglary (the disqualifying predicate offense) and had been advised by the judge that his sentence was a minimum of two years to twelve years of confinement, were matters of public record and hardly confidential and did not violate attorney-client privilege. Again, <u>U.S. v. Cochran</u> is distinguishable

from the facts before the Court in the instant case.

The Court concludes that the facts as applied to the law (1.9 and 1.10) do not support disqualification of Robert M. Steptoe, Jr. from appearing as an expert witness at the trial of the within litigation.

With respect to Defendants' contention that the jury does not need to hear testimony from experts, the Court has previously concluded in this case:

> "Although the indemnity agreement fails to include the word "reasonable" when referencing attorney fees, Rule 1.5(1)(a) of the West Virginia Rules of Professional Conduct indicates that "[a] lawyer's fee shall be reasonable." In analyzing the reasonableness of a fee, the Rule 1.5(a)(1-8) outlines eight factors that should be considered. However, case law suggests there are twelve recognized reasonableness factors:
>
>> (1) the time and labor required;
>>
>> (2) the novelty and difficulty of the questions;
>>
>> (3) the skill requisite to perform the legal service properly;
>>
>> (4) the preclusion of other employment by the attorney due to acceptance of the case;
>>
>> (5) the customary fee
>>
>> (6) whether the fee is fixed or contingent;
>>
>> (7) time limitations imposed by the client or the circumstances;
>>
>> (8) the amount involved and the results obtained
>>
>> (9) the experience, reputation, and ability of the attorneys
>>
>> (10) the undesirability of the case;
>>
>> (11) the nature and length of the professional relationship with the client; and
>>
>> (12) awards in similar cases
>
> In re John T., 695 S.E.2d 868, 875 (W.Va. 2010), *see also* Aetna Casualty & Insurity Co. V. Pitrolo, 342 S.E.2d 156 (W.Va 1986)
>
> In addition, case law states that parties contesting attorney's fees must have an opportunity to present their case on whether or not they are reasonable. In re. John T., 695 S.E.2d at 874. Although the court in its majority holding did not provide much guidance on what exactly qualifies as an opportunity (I.E. whether or not it should be an issue for a jury or a judge), a concurring opinion provides some

examples, stating that when there is a well-developed record in the case a long trial regarding attorneys' fees may be unreasonable, but in cases where the record still needs to be developed a more extensive trial may be proper. *Id.* at 878-879. Moreover, the Fourth Circuit held in an unpublished opinion that the reasonableness of attorney fees is a factual issue for a jury to determine. <u>Lafarge Corporation v. National Union Fire Insurance Company</u>, 121 F.3d 699 (4th Circuit 1997).

Based on these cases, a jury trial on the issue of the attorney fees is necessary in this case. [DE 51].

Accordingly, the Court concludes that the reasonableness of unreasonableness of attorneys fees and expenses are jury questions and that expert testimony may be of assistance to the jury in making the determinations they have to make.

For the foregoing reasons, Defendants' Motion To Disqualify Plaintiff's Expert Witness [DE 65] is **DENIED.**

The clerk is directed to deliver electronic notice of this Memorandum Opinion and Order to counsel of record.

The clerk is further directed to remove DE 65 from the docket of motions actively pending before the court.

It is so **ORDERED.**

Dated: 18 August 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE